UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                Chapter 11

EKD REALTY LLC and                                      Case No.: 16-11957 and
AMADEUS 140 LLC,                                                      16-11960 (SCC)
                                                                      (Jointly Administered)
                        Debtors.
-------------------------------------------------------------------x

## ORDER: (I) APPROVING AND IN AID OF FINAL DISTRIBUTIONS AND THE WIND DOWN OF THE POST-CONFIRMATION ESTATES; (II) DISCHARGING AND RELEASING THE PLAN ADMINISTRATOR; AND (III) GRANTING RELATED RELIEF

Upon the motion dated October 23, 2017 ("Motion")[1] of Lori Lapin Jones, Esq., as Plan Administrator ("Plan Administrator") of EKD Realty LLC ("EKD Debtor") and Amadeus 140 LLC ("Amadeus Debtor" and, together, "Debtors"), by her counsel, seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 1101(2) ("Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving and in aid of final distributions and the wind down of the post-confirmation estates; (ii) discharging and releasing the Plan Administrator; and (iii) granting related relief [Dkt. No. 119]; and upon the Affidavit of Service and Supplemental Affidavit of Service evidencing proof of service of the Motion [Dkt. No. 120]; and upon the Debtors' Motion to Amend Schedules dated November 7, 2017 and related Affidavit of Service [Dkt. Nos. 123, 124]; and upon the Supplemental Affidavit of Service of the Debtors' Motion to Amend Schedules [Dkt. No. 127]; and upon the Waiver of Claims with Respect to EKD Realty LLC dated November 6, 2017 and related Affidavit of Service [Dkt. Nos. 125, 128]; and upon the Waiver of Claims with Respect to Amadeus 140 LLC dated November 6, 2017 and related Affidavit of Service [Dkt. Nos. 126, 128]; and upon the Debtors' Statement dated

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

November 14, 2017 in response to the Motion [Dkt. No. 130]; and upon the letter dated November 20, 2017 on behalf of Partners 316, LLC, the purchaser of the EKD Debtor's real property ("November 20 Letter") [Dkt. No. 132]; and upon the letter dated November 21, 2017 on behalf of Partners 316, LLC ("November 21 Letter") [Dkt. No. 133]; and no objections or other responses having been filed to the Motion; and it appearing that due and appropriate notice of the Motion has been given; and it appearing that no other or further notice need be given; and upon the hearing conducted on November 21, 2017 ("Hearing"), the record of which is incorporated herein by reference; and the Court having considered the November 20 Letter and the November 21 Letter at the Hearing and the record in these cases; and after due deliberation and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted as set forth herein; and, it is further

ORDERED that the Plan Administrator is authorized to make final distributions (including establishing any reserves) from the EKD Debtor's estate as set forth in the annexed Exhibit A; and, it is further

ORDERED that the Plan Administrator is authorized to make final distributions (including establishing any reserves) from the Amadeus Debtor's estate as set forth in the annexed Exhibit B; and, it is further

ORDERED that the Plan Administrator shall turn over to Debtors' counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), to be held in escrow the sum of $30,000.00 ("Deposit Escrow") on account of the following claims against the EKD Debtor's estate, which are either disputed or as to which Partners 316, LLC alleges it is entitled to a distribution:

Ashley Finkelson/ Julia Okai (Schedule E) -- $2,850.00
Casey Woods (Schedule E) -- $2,095.00

      Gary Nicholas Galbraith (distribution claimed by Partners 316, LLC) -- $6,000.00
      M. Griffin (Schedule E) -- $2,850.00
      Marika Kpaieshvili (distribution claimed by Partners 316, LLC) -- $1,800.00
      Martin Heib / Ryan Quinn (Schedule E) -- $2,400.00
      Paul Zumberick (Schedule E and alleged by Partners 316, LLC) -- $2,100.00
      Sintra Martins (Claim 6, Chapter 11 and General Unsecured) -- $3,000.00
      Steven Whitener (distribution claimed by Partners 316, LLC) -- $2,900.00

The Deposit Escrow (or portions thereof) shall be released only pursuant to an Order of this Court, Order of a Court of competent jurisdiction, or written agreement among the EKD Debtor, Partners 316, LLC and the respective claimant; and, it is further

    ORDERED that, once the Plan Administrator turns over the Deposit Escrow to Robinson Brog, the Plan Administrator shall have no further responsibility or any liability with respect to such funds or to such claimants; and, it is further

    ORDERED that the Plan Administrator shall not be required to disburse any funds or turn over to Robinson Brog any funds to be held in escrow for the payment of use and occupancy of the property located at 316 Second Avenue, New York, New York that Partners 316, LLC alleges is owed by Ekaterina Derderian and Haroutiun Derderian, _provided_ _that_ entry of this Order is without prejudice to any and all rights, claims or defenses that Partners 316, LLC, Ekaterina Derderian, and Haroutiun Derderian may have with respect to any such use and occupancy; and, it is further

    ORDERED that the Plan Administrator shall turn over to Robinson Brog to be held in escrow any surplus monies in the Debtors' respective estates, which shall be disbursed upon written agreement between the respective Debtor and Robinson Brog; and, it is further

    ORDERED that, upon the Plan Administrator making payment of the final distributions from the Debtors' respective estates as set forth herein and on the attached Exhibit A and Exhibit B, the Plan Administrator and her professionals will be forever discharged and released from any

and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Debtors, Debtors' professionals, the Debtors' equity interest holders, all creditors of the Debtors and any and all parties receiving notice of the Motion have, had, may ever have or may ever claim to have against the Plan Administrator and her professionals relating to the Debtors, except for the Plan Administrator's gross negligence or willful misconduct; and, it is further

ORDERED that the protections for the Plan Administrator provided herein are in addition to any protections and immunities provided the Plan Administrator under prior Orders of the Court or under applicable law; and, it is further

ORDERED that, to the extent that Plan Administrator receives any Undeliverable Distributions, Unknown Funds or Unclaimed Funds or has excess funds from any reserves she maintains following her discharge and release, such funds shall be turned over to Robinson Brog for distribution in accordance with the Plan and this Order and, as to any surplus monies, written agreement between the respective Debtor and Robinson Brog; and, it is further

ORDERED that the Plan Administrator will cooperate with the Debtors and Robinson Brog to effectuate the removal of the Plan Administrator from the Debtors' DIP accounts at TD Bank; and, it is further

ORDERED that, following the Plan Administrator's discharge and release: (i) the Debtors' cases will remain open until all claim disputes are resolved; and, thereafter (ii) Debtors' counsel shall submit the Final Decree and Orders closing the Debtors' cases; and, it is further

ORDERED that, if the cases are not closed by December 31, 2017, the Debtors shall be responsible for the payment of any United States Trustee fees accruing on or after January 1, 2018; and, it is further

ORDERED that the Plan Administrator shall not be responsible for filing the Debtors' 2017 tax returns or issuance of Form 1099 statements or other tax documents; and, it is further

ORDERED that the Plan Administrator will provide Robinson Brog with W-9's for the Plan Administrator and her professionals; and it is further

ORDERED that the Court shall retain jurisdiction over any and all issues arising from or related to the interpretation or implementation of this Order.

Dated: November 30, 2017
      New York, New York

                                                      /S/ Shelley C. Chapman
                                                      Honorable Shelley C. Chapman
                                                      United States Bankruptcy Judge

# EXHIBIT A

Distributions in EKD Realty LLC

**Assets:**

| | |
|---|---|
| Cash Held by Plan Administrator as of November 16, 2017: | $269,708.57 |
| Cash in DIP Account at TD Bank as of October 31, 2017: | $37.31 |

**Payments:**

| | |
|---|---|
| Fees and Expenses of Plan Administrator and her retained professionals through case closing:[1] | $25,000.00 |
| United States Trustees Fees (4th Quarter 2017): | $9,750.00 |
| Robinson Brog Leinwand Greene Genovese & Gluck P.C. Fees [Dkt. No. 114]: | $87,868.00 |
| Robinson Brog Leinwand Greene Genovese & Gluck P.C. Expenses [Dkt. No. 114]: | $3,072.98 |

**Priority Claims:**

| | |
|---|---|
| Aziz Dehkan (Schedule E) | $2,300.00 |

**General Unsecured Claims:**

| | |
|---|---|
| Duo Colony Fuel (Schedule F) | $3,421.00 |
| New York State Department of Environmental Conservation (Claim 2) | $5,040.00 |

**Deposit Escrow (to be paid to and held by Debtors' counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C.):** — $30,000.00

Ashley Finkelson/ Julia Okai (Schedule E) -- $2,850.00
Casey Woods (Schedule E) -- $2,095.00
Gary Nicholas Galbraith (distribution claimed by Partners 316, LLC) -- $6,000.00
M. Griffin (Schedule E) -- $2,850.00
Marika Kpaieshvili (distribution claimed by Partners 316, LLC) -- $1,800.00
Martin Heib / Ryan Quinn (Schedule E) -- $2,400.00
Paul Zumberick (Schedule E and distribution claimed by Partners 316, LLC) -- $2,100.00
Sintra Martins (Claim 6, Chapter 11 and General Unsecured) -- $3,000.00
Steven Whitener (distribution claimed by Partners 316, LLC) -- $2,900.00

---

[1] This amount is an estimate. Fees and expenses may be higher or lower. The Plan Administrator is permitted to pay such fees and expenses without further Order of the Court.

# EXHIBIT B

Distributions in Amadeus 140 LLC

**Assets:**

| | |
|---|---|
| Cash Held by Plan Administrator as of November 16, 2017: | $127,921.54 |
| Cash in DIP Account at TD Bank as of October 31, 2017: | $26.36 |

**Payments:**

| | |
|---|---|
| Fees and Expenses of Plan Administrator and her retained professionals through case closing:[1] | $15,000.00 |
| United States Trustees Fees (4th Quarter 2017): | $9,750.00 |
| Robinson Brog Leinwand Greene Genovese & Gluck P.C. Fees [Dkt. No. 114]: | $30,098.00 |
| Robinson Brog Leinwand Greene Genovese & Gluck P.C. Expenses [Dkt. No. 114]: | $4,805.88 |

**Secured Claim:**

| | |
|---|---|
| NYC Office of Administrative Trials and Hearings (Claim 2) | $315.05 |

**General Unsecured Claims:** $0.00

---

[1] This amount is an estimate. Fees and expenses may be higher or lower. The Plan Administrator is permitted to pay such fees and expenses without further Order of the Court.